# Smith v. Spencer.

### Bill in Equity to enjoin Action of Ejectment.

1. *Bill to enjoin action of ejectment; when contains equity.*—Land hav-
ing been sold on a credit, the vendor retaining the title, taking the pur-
chaser's note for the purchase-money, and placing him in possession, the
vendor, for a valuable consideration, transferred the note given for the
purchase-money to a third party, who also acquired by purchase the
vendee's interest in the land, and took possession, but failed to obtain a
conveyance from the vendor. Afterwards the land was sold by the
sheriff under an execution issued on a judgment recovered against the ven-
dor, after he had transferred the purchase-money note, and title was made
to the purchaser, who thereupon commenced an action of ejectment for
the recovery of the land. *Held*, on a bill filed by the sub-purchaser and
transferee of the purchase-money note against the purchaser at sheriff's
sale, that the complainant had a perfect equity in the land, and that the
defendant, having acquired by his purchase merely the naked legal title,
held it as trustee for complainant, who could demand a conveyance of it
at any time; and, therefore, that the complainant was entitled to an in-
junction against the action of ejectment brought by the defendant for the
recovery of the land.

2. *When consideration of transfer of note, attacked for fraud, sufficient.*
The consideration of the transfer of the purchase-money note having
been in part a debt due from the vendor to the transferee, and in part
debts due from the former to the latter's minor brother and sister, which
she agreed to assume, these debts aggregating the amount due on the
note, it was further held, that the consideration of the transfer was ade-
quate to support it against an attack for fraud, made by the purchaser at
the sheriff's sale.

3. *When there is no variance between allegations and proof.*—It was
further held that there was no substantial variance between the allega-
tions and proof in such case, it being averred that the vendor was in-

[Smith v. Spencer.]

debted to the transferee "as shown by his settlement, in the probate court of Greene county, of the estates of C. and D.," and, "in part payment of his said indebtedness," the transfer was made; and the proof showing that the consideration of the transfer was in part the vendor's indebtedness to the transferee, and in part his indebtedness to the latter's minor brother and sister, which she assumed.

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 21st January, 1881, by Samuel O. Spencer and Justinia Spencer, his wife, against James T. Smith, to enjoin an action of ejectment brought by the defendant against complainants, to recover a certain tract of land situated in Greene county. It appears from the averments of the bill and the proof, that on 16th December, 1871, one William Miller, being seized and possessed of the lands in controversy, sold the same to one E. H. Thornton, for the sum of $1200, one-half payable substantially in cash, and the other half on 1st January, 1873, taking the purchaser's note for the credit installment, and agreeing in writing to make title on the full payment of the purchase-money. On 14th February, 1872, Miller transferred Thornton's note to Mrs. Spencer, then Miss Davis; and on 15th January, 1874, she, still being unmarried, purchased from Thornton his interest in said lands, taking from him a written transfer of his contract of purchase. Thornton, at the time of his purchase from Miller, was placed in possession of the lands, and continued in the possession thereof until he sold to Mrs. Spencer, when she went into possession; and since that time she and her husband have continued therein. On 8th December, 1879, the sheriff of said county sold said lands as the property of said Miller, under an execution issued on a judgment obtained against Miller in the circuit court of said county, on 5th April, 1873; and at the sale the defendant became the purchaser, to whom the sheriff executed a deed, conveying said lands. Claiming title under this deed, the defendant commenced the action of ejectment, to enjoin which the bill in this cause was filed. The other facts disclosed by the record, necessary to an understanding of the points decided, are sufficiently stated in the opinion.

On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered, making perpetual a temporary injunction issued on the filing of the bill; and that decree is here assigned, together with certain rulings on the admissibility of evidence, as error.

WM. P. WEBB and E. MORGAN, for appellant.

THOS. W. COLEMAN and CLARK & McQUEEN, contra.

SOMERVILLE, J.—The bill is filed to enjoin an ejectment suit brought by the appellant, Smith, in a court of law. Its equity is not, and can not be questioned. When Miller sold the lands in controversy to Thornton, he retained the legal title in himself, and placed his vendee in possession under a bond for title, taking his note for the unpaid purchase-money. Mrs. Spencer, then Miss Davis, purchased Thornton's interest in the lands, taking possession by her tenants, and also became the transferee of Thornton's note for the purchase-money, thus becoming, according to the averments of the bill, the owner of a *perfect equity* in these lands. Being thus placed, under a written contract of sale, in the attitude of a vendee in possession, who had paid the entire purchase-money, it is clear that, if the transaction was free from fraud, the complainant was entitled to a conveyance of the land from Miller, and, therefore, Smith, who had purchased nothing except Miller's *naked legal title* at sheriff's sale, became also a mere *trustee* of such title, holding it for Mrs. Spencer, as the *cestui què trust*, who could demand a conveyance of it at any time.

The defense made is based chiefly upon two points, each of which is argued earnestly, and at length.

It is first insisted that the transfer of the Thornton note of six hundred dollars, given for the last installment of purchase-money, which was made by Miller to Mrs. Spencer in February, 1872, she then being unmarried, was fraudulent, because it was, in fact, voluntary and without valuable consideration. The evidence satisfies us that the contrary is true. The consideration for the transfer of the note was based on a valuable and sufficient counter-consideration. Miller owed Mrs. Spencer at that time over two hundred dollars, and her minor brother and sister each about the same sum, which latter sums she, then being *sui juris, expressly agreed to assume*. This undertaking on her part did not purport to release Miller, nor did it need any assent on the part of the beneficiaries to make it binding. It was an original promise made to Miller to pay money to a third person on an executed consideration. It is not pretended that it is at all affected by the statute of frauds.

It is further urged, that there is a fatal variance between the *allegata* of the bill and the *probata*, as to the consideration for the transfer of the Thornton note to Mrs. Spencer. We are of opinion that this objection also is not well taken. The bill avers that Miller was legally indebted to the complainant, "as *shown by his settlement*, in the probate court of Greene county, of the estate of David Coleman and William Davis," and "*in part payment* of his said indebtedness," the said Miller transferred the note in question to her on the 14th day of February, 1872, and that the complainant received this note "as so much

money." The essence of this averment is the existence of an indebtedness due by Miller to complainant, and the transfer of the Thornton note as so much money, at its face value, in *part payment* of this indebtedness. The reference to the probate settlement was only in aid of this description, and may be regarded as entirely unnecessary, being mere surplusage.

The proof does not vary substantially from this allegation. The record of the probate proceedings furnishes the items which constitute the basis of the consideration moving to Miller from Mrs. Spencer. He owed her personally over two hundred dollars, and twice as much more to her minor brother and sister. The latter sum she agreed to assume, and this amount thus became legally a debt from Miller to her, contingent, it is true, upon its future payment, but nevertheless it was *debitum in presenti, solvendum in futuro.* These details of evidence, showing the connection between Miller's indebtedness to her and the items referred to in the settlement, need not have been pleaded. The averment of indebtedness was sufficient without any statement as to how it originated.

The other questions discussed do not affect this conclusion, and need not, therefore, be considered.

The decree of the chancellor should, in our opinion, be affirmed.